UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **CV 23-1641-JFW(KESx)**                                Date:  April 12, 2024

Title:      Guri Gonzalez -*v*- Melrose Crossing LLC

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

**Shannon Reilly**                                **None Present**
**Courtroom Deputy**                          **Court Reporter**

**ATTORNEYS PRESENT FOR PLAINTIFFS:**        **ATTORNEYS PRESENT FOR DEFENDANTS:**
            None                                            None

**PROCEEDINGS (IN CHAMBERS):**       **ORDER GRANTING PLAINTIFF'S MOTION FOR
                                                        DEFAULT JUDGMENT BY COURT [filed 3/25/24;
                                                        Docket No. 15]**

        On March 25, 2024, Plaintiff Guri Gonzalez ("Plaintiff") filed a Motion for Default Judgment
by Court ("Motion").  Defendant Melrose Crossing LLC ("Defendant") did not file an Opposition.
Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds
that this matter is appropriate for decision without oral argument.  The hearing calendared for April
29, 2024 is hereby vacated and the matter taken off calendar. After considering the moving
papers, and the arguments therein, the Court rules as follows:

        Federal Rule of Civil Procedure 55(b) provides for a court ordered default judgment
following entry of default under 55(a).  Local Rule 55-1 requires that the application for default
judgment be accompanied by a declaration that includes: (1) when and against what party default
was entered; (2) the identification of the pleading to which default was entered; (3) whether the
defaulting party is an infant or incompetent person, and if so, whether that person is represented
by a general guardian, committee, conservator or other representative; (4) that the
Servicemembers Civil Relief Act does not apply; and (5) that notice has been served on the
defaulting party, if required.  L.R. 55-1.

        Entry of default is left to the court's sound discretion.  *Aldabe v. Aldabe*, 616 F.2d 1089,
1092 (9th Cir. 1980).  Because granting or denying relief is entirely within the court's discretion, a
defendant's default does not automatically entitle a plaintiff to a court ordered judgment.  *Id.; Philip
Morris USA Inc. v. Castworld Products, Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003).  In deciding
whether to exercise discretion to enter a default judgment, courts may consider: (1) the possibility
of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the
complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning

material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  "In applying this discretionary standard, default judgments are more often granted than denied."  *PepsiCo v. Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999).

After default has been entered against a defendant, the well-pleaded factual allegations of the complaint are taken as true, except for those allegations relating to damages.  *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting *Geddes v. United Financial Group,* 559 F.2d 557, 560 (9th Cir. 1977) ("The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.")   In determining damages, the court may conduct a full evidentiary hearing, or rely on declarations submitted by the parties.  Fed. R. Civ. 55(b)(2); L.R. 55-2.  However, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

For the reasons stated in Plaintiff's Motion, and after considering the *Eitel* factors, the Court concludes that Plaintiff has demonstrated that default judgment should be entered in his favor and against Defendant, and that he is entitled to $4,000.00 in statutory damages, $2,185.00 in attorneys' fees, and $577.00 in costs, and an order directing Defendant to provide an accessible parking space at the property located at 7020 Melrose Avenue, Los Angeles, California in compliance with the Americans with Disability Act Accessibility Guidelines.

Accordingly, Plaintiff's Motion is **GRANTED**.  The Court signs, as modified, the proposed Judgment Re: Default Judgment, lodged with the Court on March 25, 2024.  Docket No. 15-5.

IT IS SO ORDERED.

Initials of Deputy Clerk   sr